UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JUSTIN EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 4:16-cv-160 |
| | ) |
| PATRICK ALUMINUM, INC. | ) |
| d/b/a ALTEC ALUMINUM | ) |
| TECHNOLOGIES, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   NATURE OF COMPLAINT**

Plaintiff, Justin Evans, (hereinafter "Evans"), by counsel, brings this action against Defendant, Patrick Aluminum, Inc. d/b/a Altec Aluminum Technologies (hereinafter "Altec" or "Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.* and Indiana law.

**II.   PARTIES**

2.   Evans is a resident of the State of Indiana, who at all relevant times resided within the geographic boundaries of the Southern District of Indiana.

3.   Defendant is a corporation that maintains offices and conducts business within the geographic environs of the Southern District of Indiana.

**III.   JURISDICTION AND VENUE**

4.   Jurisdiction is conferred on this court by 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367 and 42 U.S.C. §12117.

5.   Jurisdiction is conferred on Evans' state law claims pursuant to 28 U.S.C. §1367

because his state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

7. Evans was an "employee" as that term is defined by 42 U.S.C. §12111(4).

8. Evans is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Evans' disability and/or regarded Evans as being disabled and/or Evans has a record of being disabled.

9. Evans satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on his disability and retaliation. Evans received the required Notice of Right to Sue and timely files this action.

10. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV.   FACTUAL ALLEGATIONS

11. Defendant hired Evans as a Maintenance Helper on or about April 4, 2013.

12. Evans' work performance met or exceeded Defendant's legitimate expectations at all relevant times.

13. On or about November 4, 2014, Evans suffered an on-the-job injury to his knee, which substantially limited his ability to lift, walk, kneel, crawl, climb, and squat.

14. Evans' physician placed him on work restrictions following this injury.

15. Evans filed for worker's compensation benefits in or about early 2015.

16. After suffering his work-related injury, Evans' co-workers began harassing him about his injury. These co-workers would make comments including but not limited to, "[Y]ou're lazy," "You can't do your job," "There's no sense in having you," "Here's gimpy," "You're worthless now," and "We need to get rid of you."

17. In or about November 2014, Evans' truck was vandalized while on company property. The assailant spray painted "F-U," "Ass," and "Bitch" on Evans' truck and spray painted streaks down both sides of his truck.

18. In or about November 2014, Defendant conducted Evans' six-month review for a promotion. Prior to this review, Evans' foreman informed him that Defendant did not need technicians at that time. However, during his review, Evans' foreman told him that he would not be promoted to a technician position, as anticipated, due to his work-related injury.

19. Shortly thereafter, Defendant hired a non-disabled outside employee for a technician position.

20. In or about January 2015, Evans' toolbox had been flipped and partially destroyed while on company property.

21. In or about May 2015, Evans' toolbox was broken into and over $300 worth of tools were stolen while on company property.

22. Evans made complaints to Defendant about how he was being treated at work due to his disability, but no corrective action was taken.

23. On or about July 13, 2015, Evans' employment was indefinitely suspended for allegedly "illegally dumping water" while at work.

24. Defendant did not allow Evans to return to work.

## V. CAUSES OF ACTION

### COUNT I: ADA- DISABILITY DISCRIMINATION

25. Evans hereby incorporates by reference paragraphs one (1) through twenty-four (24) as if the same were set forth at length herein.

26. Evans was discriminated against because of his disability.

27. Evans was subjected to a hostile work environment due to his disability.

28. Defendant willfully and intentionally discriminated against Evans on the basis of his disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

29. Evans has suffered damages as a result of Defendant's actions.

### COUNT II: RETALIATION IN VIOLATION OF THE ADA

30. Evans hereby incorporates by reference paragraphs one (1) through twenty-nine (29) as if the same were set forth at length herein.

31. Defendant retaliated against Evans for having complained of disability discrimination by suspending and ultimately terminating his employment.

32. Defendant's actions violated the anti-retaliation provisions of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq*.

33. Defendant's actions were intentional, malicious, and done with reckless disregard for Evans' legally protected rights.

34. Evans suffered damages as a result of Defendant's actions.

## COUNT III: RETALIATION-WORKER'S COMPENSATION

35. Evans hereby incorporates by reference paragraphs one (1) through thirty-four (34) as if the same were set forth at length herein.

35. Defendant has retaliated against Evans for his pursuit of Workers' Compensation Benefits by suspending and terminating his employment in violation of Indiana law.

36. Defendant's actions were intentional, malicious, and done with reckless disregard for Evans' legally protected rights.

37. Evans has suffered damages as a result of Defendant's actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Justin Evans, by counsel, respectfully requests that this Court find for him and order Defendant to:

1. Reinstate Plaintiff, Justin Evans, to the pay, salary and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Plaintiff of front pay in lieu thereof;

2. Compensation for all lost wages and benefits incurred as a result of Defendant's unlawful actions;

3. Compensatory, consequential and emotional distress damages;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Punitive damages under ADA;

6. Pre- and post-judgment interest on all sums recoverable;

7. Costs and attorneys' fees incurred as a result of bringing this action; and

8. All other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

/s/ Andrew Dutkanych
Andrew Dutkanych, #23551-49
BIESECKER DUTKANYCH & MACER, LLC
101 N. Seventh Street
Louisville, KY 40202
Telephone: (502) 561-3418
Facsimile:  (812) 424-1004
E-mail:     ad@bdlegal.com
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Justin Evans, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych
Andrew Dutkanych, #23551-49
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:  (502) 561-3418
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff*

Dated 9/2/16.